IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VERNON JAMES EWELL,

    Petitioner,

v.                                                             CASE NO. 1:07-cv-109-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, filed by Vernon James Ewell. Respondent has filed its response, Doc. 12, and Petitioner has filed a reply. Doc. 19. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be dismissed with prejudice.

In the instant petition, Petitioner complains about four convictions arising out of three cases. *See* Doc. 2 (listing three state court numbers on motion for IFP). In the first, Case No. 01-2005-CF-823-A, Petitioner was convicted by a jury in the Circuit Court of Alachua County, Florida, of dealing in stolen property and pawnbroker transaction fraud. Doc. 12, Ex. A. He was sentenced on November 2, 2005, to 52.3 months on each count, to run concurrently. Doc. 12, Ex. B.

In the second case, Case No. 01-2005-CF-943-A, Petitioner pled *nolo contendere* to

grand theft in the Circuit Court of Alachua County, Florida., and was sentenced on November 9, 2005, to 25.2 months, to run concurrently with any active sentences. Doc. 12, Ex. C & D.

In the third case, Case No. 01-2005-CF-1558-A, Petitioner pled *nolo contendere* to felony petit theft in the Circuit Court of Alachua County, Florida, and was sentenced on November 9, 2005, to another 25.2 months, again to run concurrently with any sentences. Doc. 12, Ex. E & F.

Petitioner did not seek direct appeal of any of the judgments. Instead, by motion dated January 19, 2006, Petitioner filed a "Motion for Belated-Modification in Sentence, Dismissed or Reduction." Doc. 12, Ex. G. On April 26, 2006, the court interpreted the motion as one filed pursuant to Fla. R. Crim. P. 3.850 and dismissed the motion without prejudice because it failed to meet the oath requirements of the rule and because it contained "mere conclusions." *Id*. The court gave Petitioner the opportunity "to file a facially sufficient motion" but did not set a deadline for refiling. *Id*.

Rather than re-file the motion as directed by the court, on May 18, 2006, Petitioner filed an appeal of the order. *Id*. The court of appeal affirmed on November 1, 2006, with the mandate issuing on November 28, 2006. Doc. 12, Ex. H.

The instant petition was filed on or about may 28, 2007.

Respondent argues that the instant petition is untimely because "there was **never** anything properly filed and pending in the Florida courts after his convictions." Doc. 12. Alternatively, it claims that the petition is unexhausted because Petitioner never re-filed the Rule

3.850 motion as directed by the state court. In response, Petitioner maintains that the reason he filed an appeal of the court's order, rather than a facially sufficient Rule 3.850 motion, was because he "did not understand what the trial court was saying to me, nor did the state's prison law clerk" and because the state court has prevented him from filing a facially sufficient post-conviction motion by refusing to provide him with "court records and trial transcripts, judgment orders." Doc. 19. He therefore seeks equitable tolling of the statute of limitations.

## DISCUSSION

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). A "properly filed" motion for post-conviction relief in state court will toll the running of the statute of limitation while the motion is pending. § 2244(d)(2).

Because Petitioner did not directly appeal any of his sentences, his convictions became final on December 2 and December 9, 2005, when the time to appeal expired, *see* Fla. R. App. P. 9.110(b), and thus, the one-year statute of limitations began running at that time. While a properly filed post-conviction motion would have tolled the running of the statute of limitations here, the January 19, 2006, post-conviction motion was not "properly filed," since it did not

comply with the applicable rules governing the form of the document. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Indeed, the Eleventh Circuit has specifically found that the filing of an unsworn post-conviction motion does not toll the running of the statute of limitations because it "is not properly filed according to the state court's application of the written oath requirement...." *Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000). In *Hurley*, the petitioner did not immediately correct the oath omission but instead sought rehearing and then appealed the court's ruling before eventually filing a properly sworn post-conviction relief motion some months later. *Id*. at 1297. Here, Petitioner never corrected the oath omission but instead appealed the court's ruling. Even after the appeal was decided adversely to him, he did not correct the deficiencies of his state court post-conviction motion, and therefore, he has never had a "properly filed" motion for post-conviction relief pending in state court. Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). The court plainly instructed Petitioner as to the proper course for placing his post-conviction claims properly before it, and yet, Petitioner never took any steps either to comply with its directions or to seek clarification of the order if he did not understand it. Furthermore, Petitioner's suggestion that the court prevented him from filing a facially sufficient motion is without merit. The court told Petitioner

that he had not alleged prejudice or any "facts to support the grounds raised."  Correction of those deficiencies, as the court later told Petitioner, did not require citation to the record but only for him to "'set forth his alleged grounds for relief'" and to "'rely on his best recollection of the court proceedings.'"  *See* Doc. 19.  *Cf. Thompson v. Smith*, 173 Fed. Appx. 729, 733 (11th Cir. 2006) ("When outside forces, such as the courts themselves, act independently of the petitioner to prevent him from timely filing a petition for habeas corpus, then, provided the petitioner has exercised diligence, the district court may properly apply the doctrine of equitable tolling").  While the court's docket shows that Petitioner did in fact seeks "copies" on multiple occasions, the court's failure to provide him with the requested copies did not prevent him from fleshing out the claims he had previously raised so as to show, for example, how the failure formally to charge him until forty-eight days after arrest prejudiced him or to provide details about his attorney's alleged failure to "conduct adequate investigation" and improper concession as to Petitioner's guilt.  *See* Doc. 12, Ex. G.  Neither of these claim required anything other than explanation, such as that provided in the instant petition, and Petitioner did not ever explain himself to the state court even though that court gave him the chance to do so.  Indeed, as late as August 1, 2007, the state court continued to tell him what he needed to do to seek post-conviction without Petitioner's acting on the court's instructions.  *See* Doc. 19.

In any event, Petitioner has never exhausted his available state court remedies, as there is no indication that he has properly sought Rule 3.850 relief, and the time for doing so has now plainly expired.  Section 2254 relief will not be granted unless Petitioner "has exhausted the

remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process"). In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Having carefully considered the matter, the Court finds that Petitioner has not shown cause for his failure properly to file a motion for post-conviction relief in state

court. The court clearly instructed Petitioner on how to cure the deficiencies of his pleading, and he chose not to follow those instructions. Following the advice of a prisoner law clerk is not "cause" for failing to exhaust his available state court remedies. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (non-lawyer status of petitioner and poor advice by inmate law clerk are not cause for procedural default). Because he has not shown cause, the Court is not required to examine the question of prejudice. Furthermore, Petitioner has not come forward with anything to suggest that this Court's failure to consider the claims raised in the instant petition would result in a fundamental miscarriage of justice, i.e., that the alleged constitutional violations have "'probably resulted in the conviction of one who is actually innocent.'" *Davis v. Terry*, 465 F.3d 1249, 1253 n.4 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Thus, the Court is barred from considering Petitioner's claims.

## CONCLUSION

Having carefully considered the matter, the Court finds that the petition is both untimely and unexhausted, and it is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 17th day of August, 2009.

                                          s/A.Kornblum
                                          **ALLAN KORNBLUM**
                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**